IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SUSAN E. ROEHM, § | |
| § | |
| Plaintiff, § | |
| § | |
| -v.- § | Civil Action No. 12-763 |
| § | |
| TRAVIS COUNTY; § | JURY TRIAL DEMANDED |
| JAMES D. MOORE, INDIVIDUALLY; § | |
| GREG HAMILTON, INDIVIDUALLY § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Susan E. Roehm, through her attorneys, files her Original Complaint against Defendants Travis County, Deputy Sheriff James D. Moore, individually, and Sheriff Greg Hamilton, individually, for damages and injunctive relief. Based upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other persons and matters, Roehm respectfully alleges as follows:

**NATURE OF THE ACTION**

1.      This is a suit for damages and injunctive relief resulting from Defendants' violations of Roehm's clearly established constitutional rights that resulted in significant personal injuries to Roehm.

**PARTIES**

2.      Susan E. Roehm is a Texas citizen living in Austin, Texas.

3.      Defendant Travis County is a political subdivision within the State of Texas. Travis County can be served through County Judge and head of the Travis County Commissioners Court, Judge Samuel T. Biscoe. Judge Biscoe's principal place of business is 314 West 11th Street, Suite 520, Austin, Texas 78701.

4. Defendant James D. Moore is a Deputy Sheriff for the Travis County Sheriff's Office. Deputy Moore can be served at his principal place of business at 5555 Airport Boulevard Austin, Texas 78751.

5. Defendant Greg Hamilton is Sheriff for Travis County. Sheriff Hamilton can be served at his principal place of business at 5555 Airport Boulevard Austin, Texas 78751.

## JURISDICTION AND VENUE

6. Jurisdiction over this case exists under 28 U.S.C. §1331. Venue is appropriate in the Western District of Texas under 28 U.S.C. §1391(b).

7. Venue is proper before this Court because the acts of Defendants here complained of all took place in Austin, Texas, and Austin, Texas is the primary place where Defendants' reside and conduct business.

## BACKGROUND

**A. Deputy Moore Invites Himself To Participate In Training Without Telling Roehm That He Would Be Using A Bite-Trained Dog.**

8. On the night of February 20, 2012, Susan Roehm and her dog were participating in search and rescue training with members of the Travis County Search & Rescue (TCSAR) team. Roehm had begun training with TCSAR for the first time in mid-January.

9. During this time, Deputy Moore used his Travis County-provided Sheriff's vehicle to drive, uninvited, to the location where TCSAR members and applicants were training. While first simply observing, Deputy Moore waited until Roehm and another inexperienced trainee were alone and then asked to participate.

10. Based on Deputy Moore's authority as a Travis County Deputy Sheriff, as evidenced by his uniform and demeanor, Roehm did not object to his request to participate in the training.

11. Deputy Moore did not seek prior approval from TCSAR or notify any person in a leadership role with TCSAR on the evening in question that he intended to participate in any training.  Moore also did not seek approval or inform any member in a leadership position with TCSAR that he would seek to participate in training with Roehm.

12. Despite making an unsolicited request to participate in the training with Roehm, at no time did Deputy Moore ever tell anyone in the TCSAR training group, including Roehm, that the dog Travis County assigned to Deputy Moore was bite-trained.  Instead, Deputy Moore intentionally and deliberately withheld this information from Roehm.  Indeed, Deputy Moore failed to even let Roehm see the dog—a very large Belgian Malinois—before participating in the exercise.  If Roehm had known that the dog was bite-trained, she would have never agreed to participate in any training exercise in which the dog was involved.

13. Despite having a bite-trained dog that Travis County and Sheriff Hamilton knew was likely to cause serious harm and death to anyone to whom the dog was deployed against, defendants never trained Deputy Moore not to use the dog in any situation in which an unarmed and non-dangerous civilian was present.  Nor had Deputy Moore ever been trained to not conduct any training exercises with the dog while civilians were present or with any person who did not have proper safety attire.

**B.   Deputy Moore Has Knowledge That The Dog Was Likely To Cause Serious Injuries And That Roehm Would Be Helpless To Prevent An Attack But Moore Chooses To Participate In The Exercise.**

14. Deputy Moore asked to participate in an alert-training exercise involving a bark barrel.  In that exercise, an individual enters a plastic cylinder laying on the ground and sealed on one end and closed at the other—not by a lock, but by a person on the inside holding a lid in place with one hand.  Because the person holding the lid is doing so while in an awkward crouching position and lying on her side, the lid is held in place with minimal force.

15. For a non-bite-trained search and rescue dog, on command from the dog handler, the dog would search and find the person in the barrel, and then notify the handler by barking. However, for a bite-trained dog, the events would be, and were, different. Because the dog is trained to find and seize the "suspect," the bite-trained dog would search for the person, detain the person inside, and then find any way to further seize the person by entering the barrel through force, biting, and holding the person. And because the bite-trained dog cannot distinguish between an exercise and a real situation, the dog would attack the "suspect" in the barrel as though she were a dangerous criminal.

16. In order to facilitate the exercise, Deputy Moore first examined the barrel by himself—recognizing that it could not be locked from the inside and that the person holding the lid could do so only with minimal force—and then ordered Roehm's training partner to move away from the training site. Deputy Moore also recognized that Roehm was a small woman and from her positioning in the barrel, would have little ability to prevent a forced entry from Travis County's very large and bite-trained dog.

## C. Deputy Moore's Dog Performs According To Its Training In Seizing Roehm By Biting And Dragging Her By Her Face.

17. After Roehm's training partner was safely away, Deputy Moore ensured that Roehm entered the barrel and then gave his bite-trained dog the command to search. Responding to its handler's orders, the dog began searching the area and soon found the barrel. At no point was Deputy Moore in complete control of the dog. Indeed, the dog was "dragging" him towards the unarmed and completely vulnerable Roehm.

18. As Deputy Moore intended, once the dog arrived at the barrel it barked and did not permit Roehm to leave. Deputy Moore knew that Roehm was completely detained at this time—restricting her liberty. At this point, Deputy Moore knew, or should have known, that

4

Roehm was in serious danger because the dog was trained to bite and hold any suspect found and would continue searching until it could effectuate its training.

19. Despite knowing that Roehm was in serious danger once his dog detained and prevented her from leaving the barrel, Deputy Moore did not give a command to end the search nor attempt to remove the dog from the area. Instead, Deputy Moore—lacking the training and experience required of a person wielding such a potentially harmful animal—*encouraged* the dog to continue its detainment and to perform as it was trained.

20. The dog responded accordingly, immediately shoving aside the lid of the barrel, entering the barrel opening, and sinking its teeth into the right side of Roehm's face. In furtherance of its training, and without proper control from its handler, the dog then proceeded to drag the helpless Roehm several feet until her entire body was outside the barrel. In the process, the dog seized Roehm's face as least twice causing multiple severe lacerations and tore away a significant section of her right cheek.

21. With a segment of her face now beside her and bleeding profusely, Roehm waited for medical assistance and endured the extreme pain from the wound. And despite multiple surgical procedures later that evening and into the morning, Roehm has been left with significant scarring, both physically and mentally, as well as permanent disfiguration—harms that will continue to affect her for many years to come.

## CAUSES OF ACTION

### Count One:

### Violation of 42 U.S.C. §1983 – Excessive Force

### Against Travis County and Moore

22.     Roehm realleges the material facts alleged in the preceding paragraphs against defendants.

23.     Deputy Moore intentionally deployed and ordered Travis County's bite-trained dog to find and seize an unarmed and non-dangerous Roehm while she was present in a barrel and without the ability to protect herself.

24.     Deputy Moore intended and knew that Travis County's dog would seize Roehm because the dog had been trained to bite and hold any person whom Deputy Moore told it to find. However, Deputy Moore never told Roehm that the dog was bite trained—even preventing Roehm from seeing the dog before beginning the exercise.

25.     Deputy Moore, in accordance with the custom, policy, and/or practice of Travis County, intentionally, knowingly, and with deliberate indifference as to Roehm's clearly established constitutional rights, seized Roehm when Travis County's dog bit and dragged her several feet while holding her face.

26.     Deputy Moore's use of a bite-trained dog to seize Roehm was clearly excessive to the need because Roehm, as an unarmed and non-dangerous civilian in a vulnerable position, posed no threat to Deputy Moore or Travis County's dog.

27.     The use of force by Deputy Moore, through the dog, was objectively unreasonable.

28.     Moore's actions proximately caused harm to Roehm for which she is entitled to actual damages, exemplary damages, injunctive relief, attorneys' fees, costs, and expenses.

## Count Two:

## Violation of 42 U.S.C. §1983 – Failure to Train and Supervise

## Against Travis County and Hamilton

29. Roehm realleges the material facts alleged in the preceding paragraphs against defendants.

30. Defendant Hamilton, in accordance with the custom, policy, and/or practice of Travis County, intentionally, knowingly, and with deliberate indifference as to Roehm's clearly established constitutional rights, failed to train and properly supervise Deputy Moore when Moore deployed Travis County's dog to seize Roehm by biting and holding her.

31. If Hamilton had properly trained and supervised Deputy Moore, Moore would not have deployed a bite-trained dog to seize Roehm. Hamilton's failure to train and properly supervise Deputy Moore was the moving force that proximately caused Roehm's serious injuries.

32. Hamilton failure to train and properly supervise Deputy Moore was done with deliberate indifference to Roehm's clearly established constitutional rights because Hamilton knew that a bite-trained dog poses a substantial risk of serious harm and death to anyone it is deployed against. Hamilton thus knew that Travis County's dog was highly likely to inflict the injuries sustained by Roehm in this situation. Notwithstanding the serious risks, Hamilton intentionally chose not to properly train and supervise Deputy Moore.

33. Hamilton's actions proximately caused harm to Roehm for which she is entitled to actual damages, exemplary damages, injunctive relief, attorneys' fees, costs, and expenses.

### Count Three:

### Violation of 42 U.S.C. §1983 – Due Process Violation Based On Special Relationship Against Travis County and Moore

34. Roehm realleges the material facts alleged in the preceding paragraphs against defendants.

35. Defendant Moore, in accordance with the custom, policy, and/or practice of Travis County, intentionally, knowingly, and/or with deliberate indifference as to Roehm's clearly established constitutional rights, restrained Roehm's liberty when he deployed a dog to find and detain Roehm while she was contained in a barrel.

36. Deputy Moore's actions so restrained Roehm through a complete detainment in a plastic barrel that it rendered her unable to care for herself, including protecting herself from Travis County's dog.

37. Defendant Moore's complete and total restraint of Roehm created a special relationship and an affirmative duty for Moore, individually and as an officer of Travis County, to protect Roehm's life and liberty.

38. Moore breached this affirmative duty and violated Roehm's constitutional rights by failing to protect Roehm against Travis County's bite-trained dog, which then proceeded to bite and drag Roehm outside of the barrel by her face.

39. By failing to protect Roehm from the dog, Moore's actions proximately caused Roehm's significant injuries, to which she is entitled to actual damages, exemplary damages, injunctive relief, attorneys' fees, costs, and expenses.

**Count Four:**

**Violation of 42 U.S.C. §1983 – Due Process Violation Based On State-Created Danger Against Travis County and Moore**

40. Roehm realleges the material facts alleged in the preceding paragraphs against defendants.

41. Moore, based on his lack of training and Travis County's custom, policy, and/or practice, intentionally, and/or with deliberate indifference as to Roehm's clearly established constitutional rights exercised his authority to create a dangerous environment for Roehm by using a bite-trained dog to restrain Roehm's movement in a barrel.

42. Moore knew that any use of a bite-trained dog would create a dangerous environment for the person upon whom the dog was ordered to find and seize. Moore knew and intended to hide that fact from Roehm when he requested to participate in the bark barrel exercise without telling her that the dog was bite-trained. If Roehm had known that Travis County's dog was bite trained, she would have never entered the barrel or participated in any exercise with the dog.

43. Without Moore's authority as a Deputy Sheriff, he would not have been able to use the bite-trained dog to participate in the exercise.

44. Moore acted with deliberate indifference to Roehm's constitutional rights when—after intentionally failing to inform Roehm that the dog was bite-trained—he deployed the dog on an unarmed and non-dangerous Roehm when she was in a position where she could not protect herself or escape from harm.

45. Moore's actions proximately caused harm to Roehm for which she is entitled to actual damages, exemplary damages, injunctive relief, attorneys' fees, costs, and expenses.

### Count Five:

### Violation of 42 U.S.C. §1983 – Monell Liability

### Against Travis County

46. Roehm realleges the material facts alleged in the preceding paragraphs against defendants.

47. Defendant Travis County has a custom, policy, and practice, implemented through Sheriff Hamilton and his assigned officers, of utilizing bite-trained dogs to search and seize suspects.

48. Travis County also has a custom, policy, and practice of not properly training its dog handlers in the proper deployment of bite-trained dogs and failing to properly supervise the handlers.

49. Travis County's customs, policies, and practices were the moving forces behind the violation of Roehm's clearly established constitutional rights and were made with deliberate indifference as to those rights.

50. Travis County's actions thus proximately caused harm to Roehm for which she is entitled to actual damages, injunctive relief, attorneys' fees, costs, and expenses.

### Count Six:

### Violation of Texas Tort Claims Act

### Against Travis County

51. Roehm realleges the material facts alleged in the preceding paragraphs against defendants.

52. Travis County is a political subdivision of the State of Texas.

53. Deputy Moore at all relevant times was an employee of Travis County who was acting within the scope of his employment. Travis County, through Deputy Moore, owed a duty to not harm Roehm with its personal property.

54. Travis County, through its employee Deputy Moore, breached its duty to Roehm when Deputy Moore wrongfully deployed his dog to find and seize Roehm by biting and holding her.

55. Roehm's significant injuries were proximately caused by Travis County's use of its personal property—a bite-trained dog.

56. Travis County, if it were an individual, would have been personally liable for the harm caused to Roehm.

57. No exception to the waiver of sovereign immunity applies to this case.

58. Roehm provided proper notice of her claim to Travis County within the statutorily required period.

59. Roehm thus is entitled to actual damages, pre-judgment and post-judgment interest, and costs.

## Count Seven:

## Injunctive Relief

## Against Travis County

60. Roehm realleges the material facts alleged in the preceding paragraphs against defendants.

61. Defendant Travis County continues to maintain its custom, policy, and practice of utilizing bite-trained dogs to search and seize suspects.

62. This custom, policy, and practice has deprived Roehm of her clearly established constitutional rights.

11

63. Defendant Travis County also continues to fail to properly train and supervise its dog handlers in the proper deployment and use of bite-trained dogs.

64. Roehm thus is entitled to an injunction preventing the use of bite-trained dogs in Travis County and requiring additional training for all of Travis County's dog handlers.

## ATTORNEYS' FEES

65. Roehm has been required to retain the services of the undersigned attorneys in the prosecution of her claims. Pursuant to 42 U.S.C. §1988, Roehm seeks to recover her reasonable and necessary attorneys' fees, costs, and expenses expended in prosecuting this matter.

## EXEMPLARY DAMAGES

66. Defendants' Moore and Hamilton's actions, individually, were committed with deliberate indifference as to Roehm's clearly established constitutionally protected rights. Accordingly, Roehm is entitled to exemplary damages against each of defendants Moore and Hamilton.

## JURY DEMAND

67. Roehm hereby demands a trial by jury.

## PRAYER FOR RELIEF

Roehm respectfully requests judgment, after trial or final hearing, as follows:

1. That the Court enter a judgment against Defendants, as appropriate, that they have violated Roehm's clearly established constitutional rights;

2. That the Court order Defendants to pay money damages to Roehm in an amount to be proven at trial;

3. That the Court issue an injunction against Travis County barring the use of bite-trained dogs in Travis County and requiring additional training for all Travis County dog handlers;

12

4. That the Court order Defendants to pay Roehm both the costs of this action, expenses, and the reasonable attorneys' fees incurred by her in prosecuting this action, as well as pre-judgment and post-judgment interest;

5. That the Court award Roehm punitive and exemplary damages against the individuals named as defendants; and

6. That the Court grant to Roehm such other and additional relief to which she has shown herself to be justly entitled, whether at law or in equity.

Respectfully submitted,

YETTER COLEMAN LLP


By: /s/ Kevin J. Terrazas
    R. Paul Yetter
    State Bar No. 22154200
    Kevin J. Terrazas
    State Bar No. 24060708
    212 W. 6th Street, Suite 750
    Austin, Texas  78746
    (512) 533-0150
    (512) 533-0120 (Fax)

*Attorneys For Plaintiff Susan E. Roehm*